UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

FILED & ENTERED

JAN 17 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Williams   DEPUTY CLERK

In re:

John Michael Licursi
Susan Annette Licursi

                Debtor(s).

John Michael Licursi, Susan Annette Licursi

                Plaintiff(s),
  v.

California Bank & Trust

                Defendant(s).

Case No.:  1:10-bk-20168-GM

Adv No:   1:13-ap-01248-GM

Chapter 11

**MEMORANDUM OF OPINION REGARDING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012 [DOCKET NUMBER 9]**

Date: January 14, 2014
Time:  10:00 a.m.
Courtroom: 303

     California Bank and Trust (CB&T) seeks an order dismissing this adversary complaint.  Debtors/Plaintiffs oppose dismissal.  The matter came on for hearing on January 14, 2014.  Based on the moving and responding papers, the pleadings herein, and matter contained within the Court record on the underlying bankruptcy case, the Court sets forth its findings of fact and conclusions of law in this memorandum.  The Court takes judicial notice of the timeline set forth below, some of which facts are delineated in this memorandum.

This complaint seeks injunctive relief, declaratory relief, and sanctions for violation of the automatic stay. The gravamen of the action is that California Bank and Trust continued to prosecute Superior Court case BC438702 (herein "case 1") and filed Superior Court case BC524292 (herein "case 2") in violation of the automatic stay. Case 1 is against Spectrum Glass & Aluminum, Inc. ("Spectrum Aluminum") and the Licursis and was pending at the time that the bankruptcy of the Licursis was filed. The complaint asserts that after the Notice of Stay, CB&T requested entry of default judgment, filed liens against the Debtors' property, and sought post-judgment examinations. Each time CB&T cancelled the judgment debtor examinations.

In October 2013 CB&T filed case 2 against Spectrum Glass & Mirror ("Spectrum Mirror"), seeking the stock which is property of this estate and the source of the Debtors' earnings.

The bankruptcy was filed on December 28. 2010, notice was given, and CB&T filed a notice of stay in the case 1 on January 4, 2011. On January 18, 2011, CB&T filed a request to dismiss case 1 (only against Does 1-30) On that same day a default judgment was entered against Spectrum Aluminum and John and Susan Licursi. Two abstracts of judgment were issued - one on January 31, 2011 and one on February 4, 2011. On February 23, 2011 a notice of stay was filed in case 1 by the Licursis. The status conference in case 1 was continued from time to time due to the bankruptcy and on September 14, 2011 CB&T requested dismissal of case 1 without prejudice , which was granted on September 15, 2011. On April 10, 2012 CB&T filed for a partial dismissal with prejudice as to the Licursis, which seems to have been granted that same day.

On January 12, 2012 CB&T requested an order for a judgment debtor

examination (ORAP) of John Licursi as owner of Spectrum Aluminum. This was vacated on April 9, 2012. On July 26, 2012 CB&T filed for an ORAP of John Licursi as a third party, which was withdrawn on September 12, 2012. There was a final ORAP sought on September 27, 2012 as to Susan Marshall, CEO of Spectrum Mirror, which went off calendar. [The Court notes that the bankruptcy petition shows that Susan Licursi is or was known as Susan Marshall.]

Case 2 was filed on October 10, 2013. Spectrum Glass & Mirror, Inc. is the only defendant in that case. Debtors' counsel demanded that it be dismissed, but CB&T has refused.

Motion to Dismiss

The basis of this motion is that the automatic stay which protects the individual Debtors does not apply to the corporation of which the Debtors are the sole shareholders. Default was entered in case 1 on July 28, 2010 and the request for default/judgment was actually received by the Superior Court on August 11, 2010, some four months before the bankruptcy was filed. The Superior Court did not act on this and on January 14, 2010 CB&T sent a new proposed judgment to the court, seeking judgment only as to Spectrum Aluminum and not as to the Licursis. The judgment that was entered was only against Spectrum Aluminum and in September 2011 the claims against the Licursis were dismissed. The judgment debtor examinations were against the officers and directors of Spectrum Aluminum, who happen to be the Debtors. Likewise, the complaint against Spectrum Mirror as the successor to Spectrum Aluminum is also as to a third party and not the Debtors.

Opposition

First the opposition restates the factual allegations of the complaint. It notes that the post-judgment examinations were as to the Debtors, but they were identified as "owner," "third party," or "CEO."  Opposing these "malicious attacks" diverted time and money from the Debtors.  CB&T withdrew the first two examination orders after the Debtors fought them.  The third was quashed by the Superior Court because all defendants had been dismissed in case 1.

Case 2 was brought when Debtors were without counsel.  Although naming only Spectrum Mirror, a corporation can only act through individuals and the causes of action are premised on Spectrum Mirror being an alter ego of Spectrum Aluminum.  The Debtors argue that the Court "must determine whom CB&T will identify as the 'Does' in case 2 before this Court can render a decision dismissing Debtor's Complaint."  The only agents of Spectrum Mirror are the Debtors.

The Debtors theorize that because of the dismissal of case 1, CB&T's unsecured claim against the Debtors is at risk  But if there is a finding of fraud in the state court action against Spectrum Mirror's agents (who are the Debtors), then the CB&T claim against the Debtors would be converted into an unsecured claim.

As to the claim and delivery assertion, had CB&T been allowed to go forward, it would have seized the property on which the Debtor's reorganization is based.

The Debtors then recount the creation of Spectrum Aluminum and assert that the sale price of the assets to Spectrum Mirror was based on a third-party appraisal at forced auction value rather than at liquidation value.  They describe the two businesses as different and the ownership as different.

Legally the dismissal of the entire action in case 1 was a final judgment and

nullified the default of July 28, 2010 and default judgment of January 18, 2011. Nonetheless, CB&T tried three times to conduct judgment debtor examinations. Even though the notice of bankruptcy filed January 4, 2011 stayed all collection actions against Debtors, CB&T continued to prosecute case 1 by submitting declarations in support of a default judgment and actually obtaining a default judgment against the Licursis and Spectrum Aluminum. This was a violation of the automatic stay, as were the later ORAPs. CB&T was told of this, but they even threatened contempt if the Debtors did not appear to be examined. Other acts of intimidation are described.

Because there was a willful violation of the stay, Debtors are entitled to damages under 11 USC §363(k). Section 105 also allows a sanction for civil contempt. CB&T knew of the stay and its actions that violated it were intentional.

Debtors then do an analysis of each claim for relief.

Reply

The Debtors erroneously believe that CB&T violated the automatic stay. CB&T then restated the reasons and theories set forth in the motion. <u>Rediger Invs. Corp. v. H. Granados Communs., Inc.</u> 2013 Bankr. LEXIS 5401 (BAP 9th Cir. Dec. 24, 2013) does not support the Debtor's contention since that case deals with action against the debtor and not a third party. CB&T took no action against the Debtors, but only sought post-petition discovery as to Spectrum Mirror, which is a non-debtor entity.

Analysis

Although most of the facts set forth in the Complaint are supported by the evidence, there are some assertions which are incorrect. For example, the judgment in

case 1 of January 18, 2011, attached to the complaint as Bates stamped 122, is solely against Spectrum Aluminum.  While CB&T originally had sought default judgment against all defendants, that was done prepetition and CB&T never obtained a judgment against the Licursis and did not seek one after the bankruptcy case was filed.

Chugach Timber Corp. v. Northern Stevedoring & Handling Corp. (In re Chugach Forest Products), 23 F.3d 241 (9th Cir. 1994) makes it clear that the automatic stay does not stay actions against anyone who has not, itself, filed bankruptcy. While the stay *may* apply when there is a unity of interest between the Debtor and the third party, the Ninth Circuit has not determined that this is the rule.  But even if it is, when the obligations of the non-Debtor are not derivative of those of the Debtor in bankruptcy, the automatic stay simply does not apply to proceeding against the non-Debtor. Id. at 246, citing to O'Malley Lumber Co. v. Lockard (In re Lockard), 884 F.2d 1171, 1179 (9th Cir. 1989). And in the cases (in other circuits) where it has been applied, there was an injunction granted by the bankruptcy court, not just an "automatic" stay.

While the stock in Spectrum Aluminum and Spectrum Mirror is property of the estate and cannot be levied on without relief from the stay, property of those entities is not covered by the automatic stay.  Further, the examination of the Debtors as officers and directors of Spectrum Aluminum is not a violation of the stay. Groner v. Miller (In re Miller), 262 B.R. 499 (9th Cir. BAP 2001).

Further, Spectrum Aluminum appears to be independently liable to CB&T. Looking at the exhibits attached to the removed complaint against Spectrum Mirror (1:13-ap-01251-GM), the Court finds that the original borrower was Spectrum Aluminum, which also signed a Commercial Security Agreement (Bates stamp 150 to the complaint in 1:13-ap-01248-GM).  Therefore, to the extent that Spectrum Aluminum

was independently liable to CB&T, there is no automatic stay.

Similarly, the complaint against Spectrum Mirror seeks no liability of the Licursis. No automatic stay exists as to this either.

To the extent that this complaint seeks an injunction because the Licursis are dependent on the income from Spectrum Mirror, they have not set forth sufficient grounds.

In summary, the automatic stay is simply not as broad as the Debtors would like to make it. Under their theory, if one owns stock in a corporation, the benefit of the automatic stay applies to that corporation, but the corporation has none of the responsibilities of a debtor, none of the burdens, and can go on its merry way without court supervision. This simply is not the law.

Grant the motion to dismiss the complaint with prejudice.

The Court will also remand the complaint against Spectrum Mirror.

###

Date: January 17, 2014

Geraldine Mund
United States Bankruptcy Judge

## TIMETABLE OF EVENTS

| Date | Action | source |
|---|---|---|
| 5/28/2010 | CB&T filed case 1 - LASC BC438702 | complaint ex. A |
| 7/28/2010 | Default entered as to Spectrum Aluminum, John Licursi and Susan Licursi | complaint ex. A |
| 8/11/2010 | CB&T sent request for default judgment to the LASC - as to Spectrum Aluminum, John Licursi and Susan Licursi | CB&T request for judicial notice ex. 1 |
| 10/26/2010 | OSC re: default judgment; hearing continued | complaint ex. A |
| 12/28/2010 | Licursis filed chapter 11 | |
| 1/4/2011 | CB&T filed a notice of stay in case 1 | complaint ex. A |
| 1/14/2011 | OSC re: default judgment as to individual defendants - discharged | complaint ex. A |
| 1/14/2011 | Proposed judgment sent to superior court as to Spectrum Aluminum | Complaint ex. K |
| 1/18/2011 | CB&T requested dismissal for Does 1-30 | complaint ex. A |
| 1/18/2011 | Default judgment entered as to Spectrum Aluminum | complaint ex. K |
| 1/26/2011 | Abstract of judgment requested as to Spectrum Aluminum - abstract #1 | complaint ex. C |
| 1/31/2011 | Abstract of Judgment issued as to Spectrum Aluminum - abstract #1 | complaint ex. C |
| 2/1/2011 | Abstract of judgment requested as to Spectrum Aluminum - abstract #2 | complaint ex. C |
| 2/3/2011 | Abstract of judgment recorded - abstract #1 | complaint ex. C |
| 2/4/2011 | Abstract of Judgment issued as to Spectrum Aluminum - abstract #2 | complaint ex. C |
| 2/8/2011 | Abstract of judgment recorded - Abstract #2 | dec. of Susan Licursi ex. 6 |
| 2/23/2011 | Notice of Stay filed by Defendants | complaint ex. A |
| 9/14/2011 | CB&T filed request for dismissal of entire action without prejudice | complaint ex. F |
| 9/15/2011 | Dismissal of entire action granted without prejudice | complaint ex. F |

| Date | Action | source |
|---|---|---|
| 1/12/2012 | CB&T filed for ORAP of John Licursi as owner of Spectrum Aluminum | complaint ex. A, D |
| 4/9/2012 | CB&T vacates 4/16/12 ORAP of John Licursi | complaint ex. G |
| 4/9/2012 | Spectrum Aluminum filed motion to quash ORAP | complaint ex. F |
| 4/10/2012 | CB&T filed partial dismissal with prejudice of John Licursi and Susan Licursi.  This seems to have been granted that same day. | complaint ex. A |
| 4/16/2012 | ORAP off calendar | complaint ex. A |
| 4/24/2012 | CB&T filed for ORAP (possibly not served) | complaint ex. A |
| 7/20/2012 | ORAP off calendar | complaint ex. A |
| 7/26/2012 | CB&T filed for ORAP of John Licursi 3rd Party | complaint ex. A, H |
| 9/5/2012 | Spectrum Aluminum filed motion to quash ORAP | complaint ex. I |
| 9/12/2012 | CB&T filed notice of withdrawal of application for ORAP | complaint ex. A |
| 9/21/2012 | ORAP off calendar | complaint ex. A |
| 9/27/2012 | CB&T filed for ORAP of Susan Marshall, CEO of Spectrum Mirror | complaint ex. A, K |
| 11/1/2012 | Spectrum Aluminum filed motion to quash ORAP | dec. of Susan Licursi ex. 11 |
| 11/8/2012 | ORAP off calendar | complaint ex. A |
| 12/12/2012 | CB&T withdrawal of ORAP of John Licursi | complaint ex. J |
| 10/11/2013 | CB&T filed complaint against Spectrum Mirror in LASC - BC524292 | |
| 10/11/2013 | CB&T filed case 2 - LASC BC524292 against Spectrum Mirror and Does 1-60 | complaint ex. O |
| 11/15/2013 | Licursis filed adversary 13-01248 | |
| 11/16/2013 | Licursis filed notice of removal of BC524292 as related case to adv. 13-01248, which becomes 13-01251 | |
| 11/18/2013 | Licursis filed Motion for TRO and OSC re Preliminary Injunction in adversary 13-01248 | |

-9-

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): _ **MEMORANDUM OF OPINION REGARDING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012 [DOCKET NUMBER 9]**
_____
was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*)_____, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- PLAINTIFF'S COUNSEL - Catherine Christiansen christiansenlaw@yahoo.com
- DEFENDANT'S COUNSEL - Anthony J Napolitano anapolitano@buchalter.com, IFS_filing@buchalter.com
- UNITED STATES TRUSTEE - United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

John and Susan Licursi
17442 Canadia Street
Granada Hills, CA 91344

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9021-1.1.NOTICE.ENTERED.ORDER**